{¶ 22} I respectfully dissent.
 {¶ 23} The majority concludes that, because there is no evidence regarding the length of time in which the urine specimen remained unrefrigerated, the police failed to substantially *Page 9 
comply with OAC 3701-53-05. I read no time limitation in subsection (F). Rather, that provision mandates only that the specimen be refrigerated "[w]hile not in transit[.]"
 {¶ 24} In this case, there was testimony regarding the normal procedure for transporting a specimen for testing. Only property clerks have keys to access refrigerated specimens. Pursuant to protocol, the assistant property clerk removed the specimen from the refrigerator and placed it in the designated location for pickup by the officer charged with transporting mail to City Hall for the affixing of postage and placement in the outgoing mail. I would consider the time from the removal of the specimen from the refrigerator for transport to the laboratory until its arrival at the laboratory to constitute "transit" for purposes of the code requirements, so long as the police followed normal business procedures in the process. In this case, there is no evidence that the police diverted from the normal procedures in causing the delivery of the specimen from the evidence locker to the laboratory. Rather, the State presented evidence of the police department's compliance with normal procedures. Under the circumstances, I believe that the police complied with the regulations. I would affirm the trial court's denial of the motion to suppress.
 *Page 1